```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

ANTOINE JAMEL MARTIN,            )
                                 )
            Petitioner,           )
                                 )
       v.                        )     1:13CV403
                                 )
BRAD PERRITT, SUPERINTENDENT,    )
                                 )
            Respondent.           )

### ORDER

On October 29, 2013, the United States Magistrate Judge's Recommendation was filed (Doc. 14) and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner filed objections within the time period prescribed by section 636. (Doc. 16.)

Petitioner objects to the Magistrate Judge's conclusion that his claim is time-barred. Under 28 U.S.C. § 2244(d)(1), a petitioner must file within one year of the latest of four potentially applicable dates. As the Magistrate Judge noted, two do not apply to this case. (Doc. 14 at 4 (noting that the record revealed no basis for subparagraph (B) or (C) of § 2244(d)(1)).) The other two dates are:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> . . .
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Magistrate Judge correctly calculated that the date under subparagraph (A) was May 24, 2004, and, with tolling for state post-conviction proceedings, the time to file expired on October 18, 2005. (Doc. 14 at 4-5.) Indeed, Petitioner does not seem to object to that part of the Magistrate Judge's opinion, as he recites the same calculation and identifies the same date on which the one-year statute of limitations expired. (Doc. 16 at 3.)

The Magistrate Judge was unable to identify a precise date under subparagraph (D) because Petitioner had only made "vague" and "conclusory" assertions as to when he learned or should have learned the factual predicate of his claims. (Doc. 14 at 5-9.) In his objection, Petitioner concedes that he "discovered the factual predicate in his claim on April 6, 2005." (Doc. 16 at 6.) Taking Petitioner's assertion as true, the applicable date that began the one-year clock under § 2244(d)(1)(D) was April 6, 2005, and Petitioner's time to file expired on April 6, 2006. As Petitioner did not file his claim until May 13, 2013, at the earliest, it is time-barred.

Confronted with the untimeliness of his filing, Petitioner advances equitable arguments, mixed with arguments about the merits of his claim. Notably, he renounces any claim of actual innocence. (Doc. 16 at 6.) However, he argues that the prosecutor in his case unlawfully failed to disclose certain evidence and that his defense

2

attorneys actively misled him as to the appealability of a guilty plea. (Id. at 3-5.)

Equitable tolling applies to 28 U.S.C. § 2244(d). See Holland v. Florida, 560 U.S. 631 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Both diligence and extraordinary circumstances are required.

In the present case, Petitioner has not pursued his rights diligently. His assertion that he has been pursuing his appeal diligently "from April 6, 2005, through July 29, 2005" does not suffice. (Doc. 16 at 5.) Petitioner allowed his claims to languish for more than seven years before filing the instant petition. In his objections, he mentions no date after 2005 in which he took any action on his claims. Seven years is far too long to wait. See Green v. Johnson, 515 F.3d 290, 304-05 (4th Cir. 2008) (refusing to allow equitable tolling when the petitioner waited ten months to file his habeas petition after he had habeas counsel appointed). In light of Petitioner's failure to act diligently, his arguments regarding extraordinary circumstances are not relevant.

The court has reviewed those portions of the Recommendation to which Petitioner objected and has made a *de novo* determination. The court's review is in accord with the Recommendation, which is hereby adopted. Petitioner's section 2244 claim is time-barred, and he is not entitled to equitable tolling.

IT IS THEREFORE ORDERED AND ADJUDGED that Respondent's Motion for Summary Judgment (Doc. 6) is GRANTED, and the Petition (Doc. 3) is DISMISSED.

                                      /s/    Thomas D. Schroeder
                                   United States District Judge

December 31, 2013